## Matson B. Hill, Appellee, v. Adolph B. Carson, Appellant.

### Gen. No. 17,949.

1. BROKERS—*evidence of negotiations admissible.* Where a real estate broker has made a *prima facie* case that he had been employed by defendant to make exchange of property, he may testify as to conversations with other agents, although defendant was not present, in order to show his part in the negotiations leading to such exchange.

2. EVIDENCE—*harmless error.* Where plaintiff has offered a certified copy of a deed in evidence, and it has been erroneously admitted and defendant has testified to or admitted all the material facts disclosed by it, the error is harmless.

3. MUNICIPAL COURT—*when interrogatory for jury improper.* In an action by a broker for commission in the Municipal Court of the City of Chicago, where defendant has filed an affidavit of merits denying that he engaged plaintiff, it is improper under rule 17 to submit to the jury the interrogatory for defendant, "Was the property placed with plaintiff, * * * the exchange to be made on or before June 1, 1910?"

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. COTTRELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed February 11. 1913.

ADAMS, BOBB & ADAMS, for appellant.

WINSTON, PAYNE, STRAWN & SHAW, for appellee; FREDERICK C. HACK and WALTER H. JACOBS, of counsel.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

There was a recovery in this case by appellee (plaintiff) against the appellant (defendant) after a trial before the court and a jury, for commission alleged to have been earned by the plaintiff in effecting the exchange of property owned by the wife of defendant.

The first matter discussed in the briefs is the ques-

tion as to whether or not the verdict is sustained by the evidence. After a careful examination of the record we are of the opinion that the proof sustains the verdict, at least that the verdict is not so contrary to the weight of the evidence as to call for a reversal of the judgment.

The assignments of error as to the alleged admission of improper evidence need scant consideration, because of the nature of the defense interposed by the defendant. Rule seventeen of the Municipal Court is as follows:

"In First and Fourth class cases for the recovery of money only, the defendant shall file an affidavit sworn to by himself, his agent or attorney, stating that he verily believes the defendant has a good defense to said suit upon the merits to the whole or a portion of the plaintiff's demand, and specifying the nature of such defense whether by way of denial or by way of confession and avoidance in such a manner as to reasonably inform the plaintiff of the defense which will be interposed at the trial, and evidence of only such defenses as are set out in said affidavit shall be admitted on the trial."

The suit was originally brought against Mrs. Carson as well as the defendant, afterwards being dismissed as against her. In conformity with the rule defendant filed an affidavit specifying as the nature of his defense that the defendant never owned the premises in question; never made any arrangement as agent, principal or attorney with the plaintiff for exchange of the property set forth in the plaintiff's statement of claim; that defendant did not at any time contract with the plaintiff to exchange the property in question for the premises known as 4027 Kimbark avenue; that he is not jointly liable with Helen S. Carson by virtue of any contract; that defendant is not indebted to the plaintiff for any money due by reason of a claim set forth in plaintiff's statement of claim and affidavit.

It is first objected that error was made in allowing

plaintiff to state that he was a licensed real estate broker. In the statement of claim plaintiff alleged that he was employed by the defendant as a broker, and the defendant not having interposed the defense that the plaintiff was not duly licensed that question was not open. The error, if any there was, was harmless.

It is complained that the plaintiff was committed to testify as to conversations had with a Mr. Smith and Mr. Slaughter, who were, as we understand it, real estate agents interested in the negotiations. We think it was proper (having made a *prima facie* case that he had been employed by the defendant to make the exchange) for him to detail conversations had with these gentlemen, although the defendant was not present, in order to show his part in the negotiations which it was claimed resulted in the consummation of the exchange.

It is next objected that error was permitted in the allowance in evidence of a certified copy of a warranty deed from Mrs. Carson to Mr. Hoover. It appears from the record that the defendant himself testified to substantially all the material facts disclosed by the deed itself when examined as a witness for the plaintiff, under section 33 of the Municipal Court Act. In the statement preceding the brief and argument of the defendant it seems to be admitted that Mrs. Carson exchanged the property in question for that of Hoover, and defendant testified that Mrs. Carson signed the deed conveying the building on July 2nd; that the defendant had made the contract in writing prior to the execution of the deed; that he was acting for Mrs. Carson in the matter; that abstracts were exchanged, guaranty policy furnished, etc. In this state of the record we think that the error in admitting the certified copy of the deed was harmless.

Two interrogatories were submitted to the jury, one of which they answered to the effect that the plaintiff

was the procuring cause of the exchange of the property between Mrs. Carson and Hoover. The second interrogatory was as follows: "Was the property placed with the plaintiff, Matson B. Hill, to be exchanged for residence property, the exchange to be made on or before June 1, 1910?" This interrogatory was not answered by the jury, and it is alleged that error was committed by the court in receiving the general verdict over the objection of the defendant that it should not be received because the interrogatory had not been answered, and in overruling the motion of the defendant to instruct the jury to retire and answer the interrogatory. We agree with the defendant that the interrogatory should not have been submitted to the jury. It follows therefore that the refusal of the motions made by the defendant in regard thereto did not constitute error. The defendant in the affidavit of merits, as heretofore appears herein, denied that he had placed the building in question in the hands of the plaintiff for exchange. It is nowhere suggested in the affidavit of defense that the arrangement was that the exchange should be completed before June 1, 1910. There was testimony to the effect that in a conversation the defendant stated he would like to have the transaction closed by June 1st in order to surprise Mrs. Carson who was away from home, but we find no evidence in the record that the agency was limited to that date.

Complaint is made that one instruction tendered by the defendant was erroneously refused. In so far as it differs from another instruction which was given, this tendered instruction referred to the same matter as the second interrogatory, namely, the proposition that a certain time had been fixed in which the exchange must have been made in order to entitle the plaintiff to commission. We think the instruction was properly refused. The judgment will be affirmed.

*Affirmed.*